STATE TRUST CO. OF NEW YORK v. NATIONAL LAND IMP. & MANUF'G CO. et al.

Ex parte FITZSIMONS.

(Circuit Court, D. South Carolina. June 30, 1893.)

1. COMITY BETWEEN STATE AND FEDERAL COURTS—CONCURRENT JURISDICTION.
In cases of concurrent jurisdiction it is a fixed rule of the federal courts never to take jurisdiction of a cause which presents the same issues and seeks the same relief as are presented and sought in a cause pending in a state court. Gates v. Bucki, 4 C. C. A. 116, 53 Fed. 969, followed.

2. SAME—CREDITORS' BILL—MORTGAGE FORECLOSURE.
A bill was brought in a state court by simple contract creditors against a corporation, averring that it was wholly insolvent, that its funds and property were being improperly wasted and dissipated, and that a number of suits had been or were about to be brought against it. The bill prayed that a receiver be appointed, and that the officers and creditors of the corporation should be enjoined. To this bill no incumbrancers were made parties. Before service on defendant it made an assignment of all its property for benefit of creditors. Afterwards a bill was filed in a federal court to foreclose a trust deed on the property of the corporation, and the corporation, its assignee for benefit of creditors, and other lien creditors, were made parties. *Held* that, as the complainant in this suit and the other lien creditors were not parties to the suit in the state court, its proceedings could not affect them; that the issues involved in the two suits were not the same, and that there was no conflict of jurisdiction which would prevent the federal court from entertaining the suit; but that, as the question of the validity of the assignment was reserved by the state court, and was within its jurisdiction, the federal court would not pass upon it.

3. SAME—APPOINTMENT OF RECEIVERS.
On an intervening petition by a receiver appointed by a state court, asking that certain property in the hands of a temporary receiver, subsequently appointed by a federal court, be delivered up, *held* that, although there was no conflict of jurisdiction between the two courts, yet as it appeared that the temporary receiver was ineligible for appointment as permanent receiver, and as embarrassing questions were likely to arise as to the rights of the parties suing in the two courts respectively in certain property in the possession of the receiver, the federal court would appoint as its permanent receiver the same receiver already appointed by the state court.

4. RECEIVERS—APPOINTMENT.
A person who is connected with the firm of counsel for complainant is ineligible to appointment as permanent receiver of defendant's property. Finance Co. v. Charleston, C. & C. R. Co., 45 Fed. 436, followed.

Trenholm & Rhett, for complainants.
Mordecai & Gadsden, for petitioner.

SIMONTON, Circuit Judge. This case comes up upon a petition of W. Huger Fitzsimons, Esq., receiver, appointed for the National Land Improvement & Manufacturing Company by the state court. The prayer of the petition is that certain property heretofore of this corporation in the hands of Henry S. Holmes, Esq., receiver, be delivered to him. Mr. Holmes was appointed temporary receiver in certain proceedings filed in this court, entitled "State Trust Company of New York v. National Land Improvement & Manufacturing Company et al." On 13th June, 1893, the Honorable J. F. Izlar, judge of the First circuit of the state of South Carolina, upon hearing a complaint of J. D. Ackerman & Bro., suing as well in their own behalf as on behalf of all other creditors in like plight of this National Land Improvement & Manufacturing Company against said corporation, issued a rule against the corporation to show cause why a receiver be not appointed, and why the temporary injunction included in said order, directed to all the creditors of the corporation, be not made perpetual. The summons on this complaint and this rule to show cause were served on the defendant on 14th June, 1893. On the 13th June, 1893, the National Land Improvement & Manufacturing Company executed an assignment for the benefit of its creditors of all of its property and assets to Aaron J. Barton as assignee, who accepted the same. The record does not disclose the actual priority as to the hour of signing between this order of the judge and the execution of the assignment. It was stated, however, at bar, and is assumed as a fact, that the order was signed about five hours before the assignment was executed. Nothing in the record induces the belief that the defendant corporation had any notice, actual or otherwise, of the order of Judge Izlar. On 17th June, 1893, a bill was filed in this court by the State Trust Company of New York against this National Land Improvement & Manufacturing Company, Aaron J. Barton, assignee, John H. Steinmeyer, executor, and Andrew J. Riley. Hearing this bill, an order was passed, filed on the same day, appointing Henry S. Holmes receiver, as prayed in the bill. The present motion is predicated upon the position that the state court had taken jurisdiction of the subject-matter of this suit, and that this court will hold its hand. A court of the United States will always avoid, if possible, a conflict of jurisdiction with a state court. These courts should never interfere with each other, and should practice the most liberal comity towards each other. It is a fixed rule of this court never to take jurisdiction of a case which presents the same issues and seeks the same relief as are presented and sought in a cause pending in the state court. Gates v. Bucki, 4 C. C. A. 116, 53 Fed. 969; Howlett v. Improvement Co. (1893) 56 Fed. 161. An examination of the pleadings in each court will disclose whether a conflict exists. The plaintiffs in the state court, bringing a creditors' bill, aver that they are simply contract creditors of the defendant corporation,—by the way, the only defendant,—as holders of two promissory notes, and that repeated demands have been made for payment without success, and repeated promises to make a statement of the affairs of the corporation have

been broken; that a number of suits either have been or are about to be instituted against the corporation; that the corporation, and its officers as well, are wholly insolvent; that the president of the corporation and the general manager are president and vice president of the Nickel Savings Bank in Charleston, and have improperly allowed all the choses in action of the defendant corporation to get into the possession and control of said bank; that J. C. Mallonee, general manager of defendant corporation, is using its funds in speculating in futures for his own benefit, and that there is great danger of waste of the property of the corporation if it and its officers are not restrained. Then comes the prayer for the injunction and the appointment of a receiver. The bill in this court is by the trustee of a deed in the nature of a mortgage executed by the defendant corporation to secure an issue of 250 bonds of $1,000 each, which deed was duly recorded. This deed is an exhibit to the bill, and it also sets out parts of it. Among other things, is this:

"If the company, its successors or assigns, shall at any time hereafter make default, or refuse, neglect, or omit for six months to pay the semiannual interest on the bonds intended to be secured hereby, or any of them, or to make any other payment of the principal of said bonds or otherwise, as provided herein; or shall suffer or allow any taxes, assessments, or charges to be or become in arrears, whereby the security of this mortgage may be impaired; or shall fail to pay and discharge any lien upon said premises or property, or any part thereof, for labor or material or otherwise, which the protection of the lien of this mortgage shall require to be paid; or shall fail to keep the premises or property insured, with the provision of the loss thereunder shall be paid to the trustee herein as its interest may appear (as hereinafter more particularly specified and set forth); or if proceedings of any kind shall be commenced against the company for the appointment of a receiver, or for the foreclosure of any deed of trust or mortgage on the property hereby conveyed, or any part of it; or in case of the institution of any proceedings, either at law or in equity, whereby the control or ownership of the property, or any part thereof, herein mentioned, may be affected or disturbed; or in case the company shall do, or permit to be done, anything that may in any wise tend to diminish the value of the premises or property hereby conveyed, or to impair, weaken, or diminish the security intended to be effected under and by virtue of this agreement; or in case the company shall make default or breach in the performance or observance of any other condition, obligation, or requirement in the said bonds or herein imposed upon the company or its successors or assigns in reference to the said bonds, or the due performance of any covenants or agreements hereof,—then, and in either of such events, the holders of one-third in amount of the said bonds secured hereby, and then outstanding, in respect to which such default shall have occurred, may, by an instrument in writing by them signed and addressed and delivered to the trustee, notify the trustee of such default, and declare the principal of all said bonds due and payable, and in said instrument may also request the trustee to proceed hereunder for the collection of the principal and interest of all the bonds then outstanding within a reasonable time after the receipt of such notice; and thereupon, and upon the giving of said notice, the entire principal of all the then outstanding bonds shall become immediately due and payable, anything in said bonds or herein contained to the contrary notwithstanding; and thereupon the trustee shall and may, upon being indemnified to its satisfaction against all costs, expenses, and liabilities to be by the said trustee incurred, or without such request or security or indemnity it shall be lawful for the trustee, in its own discretion, to forthwith demand, and, with or without process of law, and with such force as may be necessary, to enter upon, take, and maintain immediate and exclusive possession of all

and singular the lands, tenements, and hereditaments, premises, railroads, rolling stock, machinery, rights, privileges, and other property hereby conveyed and assigned, or intended to be conveyed or assigned."

The bill then charges breach of this provision in the making of the assignment to Barton by the defendant corporation, which is declared void, in the utter inability of the corporation to go on in its operations, or to pay interest on its bonds, or to keep the property insured; that the principal of all the bonds has been declared due in strict conformity with the terms of the deed. The prayer is for a receiver, the sale of the property, and the satisfaction of the trusts of the mortgage deed. To this bill the corporation mortgagor and subsequent maker of the assignment is a party, and with it the assignee, Aaron J. Barton, in possession of the property, A. J. Riley, a lien creditor, and John H. Steinmeyer, holder of a prior mortgage, are also made parties. A decree is sought against the corporation defendant, but the gist of the bill is the enforcement in rem of the rights of complainant under the deed of trust. It appears from this abstract that the complainant in the state court has but one defendant, the corporation, and that no prior incumbrancer, including the present complainant, is made a party. While it would have been proper, still it was not necessary, to make the prior incumbrancers parties. Evans v. McLucas, 12 S. C. 61. But, inasmuch as they are not parties, none of the proceedings can affect them. Finley v. Bank, 11 Wheat. 304; Warren v. Burton, 9 S. C. 198. From this it follows that the order for injunction was not directed against this complainant, and that the state court is not dealing with any of the matters set up in this bill. This removes the idea of any conflict of jurisdiction.

It was suggested at the hearing, that, inasmuch as the validity of the assignment was not attacked in the complaint in the state court, or in the petition now under consideration, no question can arise between the petitioner and the receiver of this court. If the assignment is valid, all the property covered by the trust deed is in the hands, not of the corporation, or of its receiver, but of the assignee in derogation of the trust deed. But the question as to the validity of the assignment appears to be reserved in the order of the state court as one to be passed upon. As it clearly is a matter within the jurisdiction of that court, we will not interfere with or discuss it.

While it is clear that on the pleadings as they stand, the two courts do not conflict with each other, still, in the further progress of these cases, there will be occasions on which difficult and embarrassing questions will arise. The trust deed does not cover all the property of the corporation, and there must arise differences of opinion respecting what property is embraced in it. In the meanwhile it is of vital importance for the interests of all creditors that the business of the corporation be not interrupted, and that its assets perishable in character be disposed of. Litigation, protracted and conflicting, means ruin to many, loss to all. The petition will be dismissed.

It was brought to the attention of the court during the argument that Mr. H. S. Holmes, heretofore named the temporary receiver, is connected with the firm of the counsel for complainant. Under the

rule adopted in this court, after careful consideration, this makes him ineligible for the appointment of permanent receiver. The whole question was discussed in Finance Co. v. Charleston, C. & C. R. Co., 45 Fed. 436, and for this reason alone, against the prejudice of both judges then sitting, Mr. Lord was not continued as receiver. See, also, Phinizy v. Augusta & K. Ry. Co. (decided at this term) 56 Fed. 273. This making it necessary to name another receiver, all interests will be subserved if the appointment be given to W. Huger Fitzsimons, Esq. Let an order be entered appointing him receiver, with all the usual powers as receiver, and with directions that he file an inventory of the property in his charge within 30 days from this date, and file his reports monthly with the clerk of this court; his bond to be fixed at $10,000.