FREES et al. v. JOHN SHIELDS CONST. CO.

(Circuit Court, S. D. New York. May 10, 1906.)

COURTS—CONCURRENT JURISDICTION—ACTION BY FEDERAL RECEIVER IN STATE
COURT—PRIORITY OF JURISDICTION.

Where a federal receiver has commenced an action on a claim in a state
court, which has the power to entertain equitable defenses in actions at
law, the federal court will not direct him to suspend such action to permit
the defendant to prosecute a suit in equity therein to establish the right to
a set-off, merely because the courts of the two jurisdictions held different
views on the right of set-off under the facts, but will stay the suit before
it until the state court, which first acquired jurisdiction of the parties
and subject-matter, has disposed of the action before it.

[Ed. Note.—Federal courts enjoining proceedings in state courts, see
notes to Garner v. Second Nat. Bank of Providence, 16 C. C. A. 90; Cen-
tral Trust Co. of New York v. Grantham, 27 C. C. A. 575; Copeland v.
Bruning, 63 C. C. A. 437.]

On Petition by the Hamilton Bank for Instructions to Receiver.

Edmund L. Mooney, for the motion.
Arthur H. Van Brunt, opposed.

TOWNSEND, Circuit Judge. The defendant is a New Jersey cor-
poration and is insolvent, and Calvin E. Broadhead, the New Jersey
receiver, was appointed ancillary receiver by this court to enforce
in this district a claim of the receiver against the petitioner, the Hamil-
ton Bank, for a sum on deposit in said bank. The bank is a creditor of
said company on a note indorsed by said company for the same amount
as said deposit. Before the maturity of said note, the receiver brought
suit in the Supreme Court of the state of New York to enforce his
claim against the petitioner, which suit is now pending. The petitioner
claims the right to set off against said sum on deposit its claim by virtue
of said note, and has brought a suit in this court to establish said right.
The petitioner, however, asserts that this right is not enforceable in
the state court, because the note did not mature prior to the appoint-
ment of the receiver (Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028,
17 L. R. A. 456), but is enforceable in this court under the decisions of
the federal courts (Frank v. Mercantile Nat. Bank, 182 N. Y. 264, 74
N. E. 841; Schuler v. Israel, 120 U. S. 506, 7 Sup. Ct. 648, 30 L. Ed.
707; North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co.,
152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565). The petitioner, there-
fore, prays for an order directing the receiver to suspend the pro-
ceedings in the state court until after its rights have been determined
in the suit against him in this court. It is alleged that the state
court "has not jurisdiction to entertain and adjudge upon the matters"
alleged as a set-off, and that full and adequate relief can only be had
in this court as a court of equity. This contention does not seem to be
well founded, in view of the allegations in the affidavits and of the equi-
table powers of the courts of the state of New York. Apparently, the
sole ground on which this claim is based is the one stated above as to
the difference in view between the two jurisdictions. Under the New
York statutes the Supreme Court has general jurisdiction to entertain

all defenses, both legal and equitable, in a civil action such as the receiver has brought. He was appointed by this court to collect the assets of the estate. Such appointment imposes no limitation as to the tribunal to which he shall resort in the prosecution of his duties as receiver. It must be assumed that the state court, having equity powers, will afford to the parties any relief to which they may be entitled, in accordance with the principles and practice of equity.

There is, therefore, but one issue to be tried in the two proceedings, and, under the settled rule in the case of courts having concurrent jurisdiction, the later proceeding should be stayed until the court which first acquired jurisdiction of the parties and the subject-matter has disposed of the action before it. Zimmerman v. So Relle, 80 Fed. 417, 25 C. C. A. 518; Bunker Hill & Sullivan Mining & Concentrating Co. v. Shoshone Mining Co., 109 Fed. 504, 47 C. C. A. 200.

The petition is denied.