## DEDERICK v. NORTH AMERICAN CO. et al.

District Court, S. D. New York.
Jan. 12, 1943.

See, also, 2 F.R.D. 353.

Louis Braun, of New York City, for plaintiff.

Sullivan & Cromwell, of New York City, for defendant North American Co.

Schenker & Schenker, of New York City, for defendant North American Light & Power Co.

Lawrence R. Condon, of New York City, for independent stockholders, amicus curiae.

Chester T. Lane, of Washington, D. C., for Securities and Exchange Commission, amicus curiae.

RIFKIND, District Judge.

Defendant, North American Light and Power Company, hereinafter called Light

and Power, moved for judgment or, in the alternative, for a stay of the action pending the final determination by the Securities and Exchange Commission of proceedings pending before that Commission and instituted under the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq. After argument the moving defendant filed an affidavit of its counsel asking that the prayer for the alternative relief be deemed eliminated from its application.

Defendant, the North American Company, has filed an affidavit by its counsel that it neither joins in nor opposes the application of Light and Power.

Two amici curiae were permitted to argue and file briefs. Of these, one consists of a group of holders of preferred stock of Light and Power. It urges the court to grant a stay of the action. The other is the Securities and Exchange Commission which advocates the dismissal of the action.

The question presented by the motion to dismiss is one of jurisdiction in the sense of judicial power to hear the controversy. The application for a stay (assuming that such an application is still before the court) presents a question of judicial discretion in the arrangement of the court's business.

The action was instituted by plaintiff, a stockholder of Light and Power, on behalf of himself and all other stockholders and for the benefit of Light and Power. The complaint alleges in substance that the North American Company dominated Light and Power and so conducted the affairs of the latter that the price of its debentures and preferred stock declined; that the North American Company acquired stated amounts of these debentures and preferred stock at such depressed prices with the intention of selling them to defendant Light and Power at a profit; that part of the debentures so acquired have been redeemed by Light and Power at par plus premium and at a profit to the North American Company; that the North American Company has caused the directors of Light and Power to vote for the dissolution of the latter corporation; that upon such dissolution the North American Company would, unless restrained, obtain an additional profit by reason of the debentures and preferred stock which it still holds.

In his prayer for relief plaintiff asks the court to impress a trust upon the debentures and preferred stock so acquired by the North American Company; to compel the latter company to account for the profits already realized by it; to enjoin the transfer of the debentures and preferred stocks retained by it; and to direct the delivery and surrender of such debentures and stocks to Light and Power upon payment by the latter of the cost thereof to the North American Company.

This action was commenced in October, 1941. Prior thereto, on March 8, 1940, the Commission instituted proceedings under § 11(b) (1) of the Public Utility Holding Company Act with respect to North American Company and its subsidiaries, including Light and Power. Both named companies are registered holding companies under that Act. After the commencement of the action and on November 17, 1941, the Commission reported upon the preliminary investigation conducted in its proceeding and adverted to the transactions between the two corporations in the stock and debentures of Light and Power and indicated that they presented a problem requiring further consideration. On December 2, 1941, the Commission instituted proceedings under § 11(b) (2) of the Act with respect to Light and Power to consider whether Light and Power should be wound up and the extent to which, if a distribution of its assets should be ordered, the North American Company should participate therein. On December 30, 1941, the Commission ordered the winding up of Light and Power and reserved jurisdiction over the steps to be taken in compliance with its order.

The assertion of lack of jurisdiction is founded on the premise that the Commission has primary jurisdiction to dispose of the matter and has assumed such jurisdiction; and on the additional premise that the relief demanded can be granted by the court only provisionally and subject to the approval of the Commission.

To sustain the assertion of primary jurisdiction in the Commission the moving party attempts to establish that the complaint seeks in effect a liquidation of Light and Power and that such relief is in the first instance confided in the Commission, § 11, Public Utility Holding Company Act. To sustain the assertion of lack of ability in the court to give effect to its judgment the applicant argues that in substance the plaintiff asks the court to order a sale by the North American Company to Light and Power of securities at cost, a transaction

which neither seller nor buyer can effectuate without approval of the Commission, § 12, Public Utility Holding Company Act.

■ But neither contention is valid. The complaint does not either in form or in substance seek a liquidation of Light and Power. For purposes of a motion to dismiss a complaint the prayer for relief may be disregarded. The question is not whether the relief sought can be granted but whether any relief can be granted. Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Simply construed, the complaint alleges in part a cause of action for money had and received and in part a cause of action for an injunction which if not granted may result in further claims for money had and received. Such claims may in a remote sense be said to affect the liquidation of Light and Power in the sense that realization upon such claims might increase its assets or decrease its liabilities or both. But that result may flow from any cause of action asserted by or against Light and Power. There is nothing in the Public Utility Holding Company Act which vests jurisdiction in the Commission to give primary consideration to such claims or which ousts the courts of jurisdiction to entertain such actions even when the Commission has already initiated proceedings under § 11(b) (2).

Com. of Pennsylvania v. Williams, 1935, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166, a case relied on by the moving defendant, is readily distinguishable since the shareholder there sought by his action to bring about the liquidation of a building and loan association where the power to liquidate had been vested in a state administrative agency, and there was no contention that the state procedure was inadequate or would not be diligently and honestly followed. Under such circumstances the court found an abuse of discretion in the lower court's failure to relinquish jurisdiction.

■ The moving defendant also urges in support of its motion that plaintiff has an adequate remedy at law, namely, the proceeding before the Commission. It is persuasively argued that the Commission might be in a position to give Light and Power much more extensive relief than is available in the courts. In considering a plan of reorganization or liquidation it is asserted that the Commission may give effect to the essential equities without regard to statutes of limitation or similar defenses. This may well be true; nevertheless I do not think that the Commission proceeding may be regarded as an adequate remedy to justify a court of equity in ousting the plaintiff from the judicial forum. In the Commission proceeding plaintiff has no control of the action. Should the Commission abandon the proceeding there is nothing plaintiff can do about it. The Commission may grant or deny plaintiff intervention. Where the continuance of a proceeding and plaintiff's right to participate therein are matters of grace it cannot be said that the remedy so afforded him is adequate.

The motion to dismiss must, therefore, be denied.

■ Different considerations apply to a stay of proceedings. And since that is a question concerned with the arrangement of the court's calendar of business I may consider it regardless of the withdrawal of the request for the alternative relief. The considerations already mentioned clearly show the propriety of an order staying the action. That the court has power to stay the action is no longer open to question. Landis v. North American Company, 1936, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. And see Brendle v. Smith, D.C.S.D.N.Y., 1942, 46 F.Supp. 522.

I do not find it necessary to decide at this time which issues will survive the Commission proceeding. The relief afforded by that agency may cause an abandonment of this action. On the other hand it is conceivable that the Commission may remit the parties to the judicial determination of the controversy as part of its plan of liquidation. For the present it is sufficient that the action be stayed until the determination of the proceeding before the Commission or until such earlier time as may upon application to the court be shown to be appropriate.

Settle order.