## ILLINOIS IOWA POWER CO. v. NORTH AMERICAN LIGHT & POWER CO.
### No. 289.

District Court, D. Delaware.
March 17, 1943.

Hugh M. Morris (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., and Millard B. Kennedy (of Mayer, Meyer, Austrian & Platt) of Chicago, Ill., for plaintiff.

C. S. Layton (of Richards, Layton & Finger), of Wilmington, Del., and Clayton E. Kline, of Topeka, Kan., for defendant.

John F. Davis, Roger S. Foster and David K. Kadane, all of Philadelphia, Pa., for intervener Securities and Exchange Commission.

Lawrence R. Condon, of New York City. amicus curiae and for certain preferred stockholders of defendant.

LEAHY, District Judge.

Illinois Iowa Power Company ("Illinois-Iowa" herein) has filed its complaint, seeking an accounting and a monetary decree from its grandparent, North American Light & Power Company ("Light & Power" herein).[1] Defendant has appeared and questioned the sufficiency of the complaint by appropriate pleadings. In the interim, Securities and Exchange Commission seeks intervention and moves for stay of this cause on the ground, inter alia, that certain proceedings pending and now being heard by it under the Public Utility Holding Company Act of 1935, c. 687, 49 Stat. 803, 15 U.S.C.A. § 79 et seq.; have resulted in the assertion by plaintiff of claims against defendant to obtain the same relief as is sought in the instant action; and without prejudice to any later motion by the Commission to dismiss Illinois-Iowa's complaint here for want of jurisdiction.

The present matter arises on the Commission's motion merely for intervention and stay. A group, representing publicly owned preferred shares of defendant,[2] asks to intervene for the sole purpose of filing a brief as amicus curiae in support of the Commission's motion for a stay. Illinois-Iowa itself does not oppose stay of the action which it has instituted in this court,

---

[1] Illinois-Iowa is a subsidiary of Illinois Traction Company, an intermediate holding company which is substantially wholly owned by Light & Power.

[2] These stockholders are: American Equitable Assurance Co. of New York, Globe & Republic Insurance Co. of America, Knickerbocker Ins. Co. of New York, Merchants & Manufacturing Ins. Co. of New York, National Securities Corporation, New York Fire Insurance Company, Thomas W. Streeter, Rodney W. Williams, Nellie Walters, and John W. Walters, holding in excess of 5,000 shares. of preferred stock.

but defendant Light & Power does. So, while most of the parties sedulously avoid the question of exclusive jurisdiction to determine plaintiff's claim, defendant relentlessly presses the question, and argues that this court's jurisdiction shuts out any other court or administrative agency from considering Light & Power's liability for alleged wrongs done by it to plaintiff.

On December 30, 1941, the Commission entered an order under Section 11(b) (2) of the Act requiring Light & Power, as a registered holding company, to liquidate and directing it and its parent—The North American Company, also a registered holding company—to proceed to submit a plan of liquidation. In carrying through the liquidation order, Light & Power, under the approval of the Commission, has disposed of a portion of its assets and has retired certain publicly held debentures, leaving, however, outstanding debentures in a substantial amount owned by North American. One of the important questions which must be determined in the final liquidation of Light & Power is the treatment of Illinois-Iowa's claim.[3]

Illinois-Iowa infiltrated itself into the proceedings before the Commission alleging wrongs done to it during those times when it was under the dominion and control of Light & Power. The asserted claim, although unliquidated in amount and if found to exist, may exceed in value Light & Power's interest in Illinois-Iowa. Apparently, the same claim is asserted in the present suit. Before the Commission, Light & Power plead certain equitable defenses by way of set-off. In addition, it moved to dismiss on the ground that the Commission had no jurisdiction to adjudicate the claim. The Commission, for the reasons set forth in its opinion, denied Light & Power's motion to dismiss,[4] and, presently, it is continuing hearings on Illinois-Iowa's claim, the counter-claims, and the claims of all parties in interest. Pursuant to § 11(a) the Commission is now about its investigation of the relationships between the companies involved, including the North American Company, North American Light & Power Company, Illinois Traction Company and Illinois Iowa Power Company.

■ I. *Intervention.* There is more at stake here than a conflict between various public utility holding companies.[5] It was suggested in Matter of Standard Power & Light Corporation, D.C.Del., 48 F.Supp. 716, 720: "The Act [The Public Utility Holding Company Act of 1935] provides for the regulation by the Commission of registered holding companies and includes a comprehensive and economical scheme for the equitable * * * liquidation * * * of such companies * * * in accord with congressional standards for the protection of the public, investors and consumers." This case and the proceedings pending before the Commission involve a substantial number of publicly owned shares. Seeking intervention, the Commission attempts to fulfill a statutory duty to protect the public interest as well as the interests of the corporate claimants who are members of the utility system under scrutiny. Suspending for the moment the determinative question of lack of primary jurisdiction in the Commission to measure the various claims, or this court's

---

[3] Another substantial question is the disposal of the claim of North American on account of its holdings of senior securities of Light & Power. I shall not pause to discuss this question. Hearings on North American's participation in the liquidation are currently being held before a trial examiner of the Commission. An interim order of the Commission has suspended payment of interest on debentures owned by North American for the reasons that North American's right to participate has not been settled and any such payments might conflict with Illinois-Iowa's interests. See, in the Matter of North American Light & Power Company, Holding Company Act Release No. 4023 (1942). Moreover, one of the issues before the Commission is whether North American is responsible for any

wrong done by Light & Power to Illinois-Iowa. This, of course, affects North American's right to participate in the liquidation of Light & Power. Hence, while the instant suit is merely against Light & Power, the proceedings before the Commission are obviously broader in scope and include all parties with claims against the totality of assets, including the claims of Light & Power's public preferred stockholders.

[4] See in the Matter of North American Light & Power Company, Holding Company Act Release No. 4098 (Feb. 5, 1943).

[5] A paraphrase lifted from an analogous field: see, e. g., Frank, J., in Aero Spark Plug Co. v. B. G. Corporation, 2 Cir., 130 F.2d 290, 292; and L. Hand, J., in Picard v. United Aircraft Corporation, 2 Cir., 128 F.2d 632, 636.

exclusive jurisdiction to adjudicate the present claim of the subsidiary, I conclude the Commission should be permitted to intervene in order that it may be heard as to what it has to say concerning its statutory duties under the Act. Securities and Exchange Commission v. United States Realty & Improvement Company, 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293. Intervention is allowed.

II. *Stay.* Defendant contends that the Commission's jural functions are limited—that is, Illinois-Iowa's claim is an ordinary claim for an accounting based upon intercorporate wrongs; it is the kind of action which, throughout the history of Anglo-American law, has been submitted exclusively to duly constituted judicial forums for determination; and the Congress did not intend to oust federal district courts from and to confer jurisdiction on the Commission to adjudicate such claims.

■ An examination of the Act brings § 11(d) and (e) into focus. From this section it is apparent that the job facing the Commission is to determine, in the first instance, what constitutes a fair and equitable plan of distribution of the assets of a public utility holding company which has been ordered to liquidate. It is not a matter of administrative grace. On the contrary, the Commission is charged with the performance of definite statutory duties. With respect to Illinois-Iowa's claim vis-a-vis Light & Power, the Commission is now in the course of discharging its responsibility by investigating that claim, together with all other claims, in order that it may be in a better position in the future to determine what will be a fair and equitable plan. True, the Commission may have no precise statutory authority to render a monetary decree in favor of the plaintiff and against the defendant in this case, at the termination of the proceedings now pending before it, yet the outcome of these proceedings will result in a plan of liquidation allotting to all claimants what-ever the Commission finds to be equitably due to each of them. Such determinations of the Commission will, of course, be subject to judicial review. If a voluntary plan ·is submitted under § 11(e) and no court enforcement is sought, the Commission's determination of what is a fair and equitable plan may be reviewed under § 24(a) of the Act by a Circuit Court of Appeals. New York Trust Co. v. Securities and Exchange Commission, 2 Cir., 131 F. 2d 274. But if a voluntary plan is submitted under § 11(e) and court enforcement is sought, the Commission may seek enforcement in a district court under §§ 18(f) and 25. This court may well be the forum which will be called upon to approve the submitted plan as fair and equitable and, at this point, the correctness of the Commission's evaluation of Illinois-Iowa's claim will receive judicial and critical re-examination. If a voluntary plan is not submitted, and the Commission proposes a plan under the involuntary provisions of § 11(d), there could be an enforcement proceeding brought in a district court where the question of putting the plan into effect will depend on such court finding it to be fair and equitable.[6]

■■ Where there is available in proceedings before an administrative agency a remedy, including a final resort to a court at an appropriate stage to review the administrative conclusion, stay should be granted. Propriety of a stay brings up no novel question. A stay is appropriate where there is another proceeding pending between the same parties and with the same issues, for the obvious reasons of resultant economies and comity, Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Hurd v. Moiles, C.C., 28 F. 897; Frees v. John Shields Construction Co., C.C., 145 F. 1020; Ryan v. Seaboard & R. R. Co., C.C., 89 F. 397; State Trust Company v. National Land I. & M. Co., C.C., 72 F. 575; Fidelity Ins., Trust & Safe-Deposit Co. v. Norfolk & W. R. Co.,

---

[6] Light & Power's main reliance for the proposition that the Commission is swimming beyond its ken is on Securities and Exchange Commission v. Chenery Corporation et al., 63 S.Ct. 454, 458, 87 L.Ed. ——. My interpretation of Justice Frankfurter's language in the Chenery case is not that determination of what is "fair and equitable" by the Commission in liquidating a subject public utility holding company must await prior judicial adjudication of potential claims against such a company; otherwise, one is required to negate the "special administrative competence" of the Commission, and ignore its expert "preoccupation with the special problems of utility" reorganization in the "public interest or the interest of investors". In fact, the Supreme Court suggests that "in evolving standards of fairness and equity, the Commission is not bound by settled judicial precedents." I do not think the Chenery case supports defendant's position.

72 F. 704; in fact, a stay has often been granted although the parties are not the same, Landis v. North American Company, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153; Kansas City Southern R. Co. v. United States, 282 U.S. 760, 51 S.Ct. 304, 75 L. Ed. 684; and even where there are common issues, but each suit has issues not present in the other, stay may be granted, Landis v. North American Company, supra.

The various claims of the several parties now under investigation for later determination by the Commission are not comfortably resting in a state of incubation. In fact, they are being vigorously prosecuted. Pleadings have been filed, 890 pages of testimony have been taken, 150 exhibits offered. I do not find it necessary to isolate at this time which issues will survive the proceedings before the Commission. The nexus of the various issues before the Commission will become fixed, when it determines what is a fair and equitable plan of liquidation for all persons. The relief afforded by that agency may be sufficient; or the Commission may remit the parties to judicial determination of particular controversies, to this court or other courts, as part of its approved plan of liquidation, and suggest or recommend findings growing out of the proceedings now before it.

Like considerations applying to a stay under substantially similar facts were recently discussed, in a stockholder's derivative action on behalf of Light & Power against The North American Company, in Dederick v. North American Company et al., D.C., 48 F.Supp. 410, where stay was granted until the Commission finished its present inquiries. In any event, the action pending before this court is only a part of a controversy which has more magnitude. The Supreme Court in North American Co. v. Securities and Exchange Commission, 63 S.Ct. 764, 87 L.Ed. ——, has just granted review to test the constitutionality of § 11 requiring public utility holding companies to divest themselves of all their securities in the light of the commerce clause and the Fifth Amendment. This is an added reason for stay here.

By institution of its action in this court, Illinois-Iowa has prevented the running of any statute of limitations or the application of the doctrine of laches.[7] By granting the stay sought by the Commission, there is no determination that this court is without final jurisdiction to adjudicate Illinois-Iowa's claim. There is no holding, at this time, that jurisdiction of the Commission and this court is concurrent to adjudicate the claim. The precise holding is that the jurisdiction of this court and the Commission is coordinate until it appears that the Commission has completed its statutory duties of investigating the various claims and has approved a fair and equitable plan for the distribution of defendant's assets to and among the various claimants. I conclude that this cause should be continued pending the proceedings before the Commission. Stay will be allowed.

An appropriate order should be submitted in accordance with the views expressed herein.

---

[7] Assuming, of course, such defenses were not available against it prior to the institution of the suit.