**PALUMBO et al. v. ELECTRIC BOND & SHARE CO. et al.**

District Court, S. D. New York.

Oct. 7, 1943.

Emil K. Ellis, of New York City (Jonas Ellis and Myron Ellis, both of New York City, of counsel), for plaintiffs.

Reid & Priest, of New York City (James L. Boone and Ralph M. McDermid, both of New York City, of counsel), for Electric Bond & Share Co.

Simpson, Thacher & Bartlett, of New York City (Louis Connick and Benjamin C. Milner, both of New York City, of counsel), for defendants Hill, Hoffman and Sanders.

White & Case, of New York City (J. Adam Murphy, of New York City, of counsel), for United Gas Corporation.

RIFKIND, District Judge.

The defendants' motion seeks relief in the alternative as follows: (1) To stay any and all further proceedings in this action pending the determination by the Securities and Exchange Commission of certain proceedings there pending; (2) to stay any and all further proceedings in this action pending final determination of the consolidated action, entitled William Weinberger and Benjamin Rosenbaum v. Serge Semenenko, now pending in the Supreme Court, New York County; (3) to dismiss this action on the ground that the amended complaint herein fails to state a claim upon which relief can be granted; (4) an order directing plaintiffs to serve an amended complaint containing a more definite statement of its cause or causes of action or for a bill of particulars; (5) an order directing plaintiffs to serve an amended complaint stating in separate counts each of the alleged claims asserted by plaintiffs against the defendants.

The action, commenced on August 19, 1942, is a stockholders' derivative action on behalf of the United Gas Corporation against Electric Bond & Share Company (hereinafter called Electric), its grandparent, and against certain directors and officers of United Gas Corporation (hereinafter called United). The plaintiffs acquired stock of United on October 6 and October 14, 1937, respectively. The amended complaint alleges in substance that Electric dominated and controlled United and the action of the individual defendants; that Electric and the directors of the United conspired to waste the corporate assets of United and divert them to Electric; that they caused United to borrow large sums from Electric at excessive interest rates and to sell a debenture issue of United to Electric carrying an excessive interest rate; that they caused United to borrow $8,000,000 from Electric at an excessive interest rate and to use the proceeds improvidently to pay preferred stock dividends; and that since October 6, 1937, defendants caused United to continue to pay the excessive interest rates and to take no steps to refund the loans at lower interest rates, and to assume liability on a debenture issue of a subsidiary of United carrying an excessive interest rate. The prayer for judgment asks that the defendants be required to account and that the $8,000,000 transaction be voided.

The mere fact that Electric is a public utility holding company, registered as such under the Public Utility Holding Company Act, 15 U.S.C.A. § 79 et seq., and that United is a gas utility and a subsidiary of Electric, and that both are subject to regulation with respect to certain aspects of their affairs by the Securities and Exchange Commission, does not deprive this Court of jurisdiction to entertain the action. Dederick v. North American Co., D.C.S.D.N.Y.1943, 48 F.Supp. 410; Illinois Iowa Power Co. v. North American Light & Power Co., D.C.Del.1943, 49 F. Supp. 277.

Neither of the last cited cases departed from the principle declared in Landis v. North American Company, 1936, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153, that "only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."

1. What rare circumstances may be sufficient to warrant such compulsion must in the last analysis depend on the facts in each case. Experience with the Public Utility Holding Company Act is still too brief to warrant an attempt at

definitive classification with respect to proceedings under that statute before the Securities and Exchange Commission. The pertinent circumstances must at least in part be found in the character and progress of the proceedings pending before the Commission. The proceedings relied upon here, in support of the motion for a stay, are as follows: (1) On May 9, 1940, a proceeding was begun by order of the Commission, issued under Section 11 (b) (2) of the Public Utility Holding Company Act of 1935. A copy of the order has not been submitted. It is disclosed in the moving affidavit that Electric and Electric Power & Light Corporation (the parent of United and a subsidiary of Electric) were made respondents in said proceeding, that the proceeding is still undetermined and that testimony relating to the transactions referred to in the complaint was adduced at the hearing conducted in such proceeding. (2) On May 5, 1941, Electric and United filed applications with the Commission wherein United sought authority to issue $75,000,000 in bonds, the proceeds to be applied chiefly in satisfying the indebtedness of United to Electric. (3) On May 31, 1941, the Commission by notice and order instituted a proceeding under Sections 18(a) and (b) of the Public Utility Holding Company Act, and consolidated therewith the two proceedings above mentioned. The notice and order are annexed to the moving affidavit. Sections 18(a) and (b) authorize investigations. Among the matters to be investigated, under the order of the Commission, are listed the transactions mentioned in the complaint. The moving affidavit states: "The state of the record in the said consolidated proceeding is such that the Securities and Exchange Commission may issue orders dealing directly with the subject matters of the complaint herein."

The character of the Commission proceedings does not in my judgment warrant a stay of the action. There is, of course, no possibility that the Commission can adjudicate the liability of the noncorporate defendants. But even as to Electric, taking the proceedings in their order, the first may conceivably lead to a plan of liquidation which would require determination of the claims of United against Electric, but it is merely a possibility. Nothing in the moving papers indicates that such is the object or purpose of the proceeding. The second proceeding may result in a denial of the application for leave to issue the bonds; or conditions may be imposed which may have a bearing on the transactions mentioned in the complaint. It cannot result in the affirmative relief sought by the complaint. The third is merely an investigation. The facts revealed by such an investigation may perhaps lead to other results and other proceedings, but the proceeding in and of itself is not designed to accomplish any object other than the collection of information.

The only hardship which can be said to flow from requiring the defendants to go forward with the action is that it will be required here to try issues with respect to which it is also required to adduce evidence in the Commission proceeding. Such hardships may befall the defendants in numerous ways. State agencies may investigate the transactions. Legislative agencies may desire to explore them. Large enterprises in regulated business fields must expect exposure to numerous contacts with agencies of government. It is to me inconceivable that such circumstances should warrant a stay of litigation in this court.

It is unnecessary to detail the facts of the Dederick case, supra, and the Illinois Iowa Power Company case, supra, to note the sharp difference from the facts of the case at bar. Suffice it to say that in both the cited cases, the impact of the administrative action upon the issue in litigation was by no means as problematical and remote as in the instant case. It is significant that the Commission found ways of bringing its views, in favor of a stay, to the attention of the Court in both of the cited cases; whereas in the case at bar, it has sought neither intervention nor leave to speak amicus curiae. It is not unreasonable to infer that the Commission does not feel that the continuance of the litigation in this court would constitute an intrusion into its administrative domain, as defined by Congress.

The application for a stay pending determination of the proceeding before the Commission must, therefore, be denied.

2. This conclusion compels a denial, also, of the motion for a stay pending the determination of the State Court action. Since the parties to the State Court action have by consent arranged to stay that litigation pending the determination of the Commission proceeding, it is manifestly lacking in that diligent prosecu-

tion which this Court has held to be one of the conditions precedent to a stay of an action in this Court. Brendle v. Smith, D.C.S.D.N.Y.1942, 46 F.Supp. 522.

3. The motion to dismiss the complaint for insufficiency, is denied. The opinion of Mr. Justice Shientag with respect to a similar motion addressed to the complaint in the State Court action (Weinberger v. Semenenko, Sup., 36 N.Y.S.2d 396) disposes of defendants' contention under the New York Civil Practice Act. The rules of pleading under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are even more liberal.

4. The motion for a bill of particulars is consented to and is granted.

5. I think defendants are entitled to have the claim arising out of the $8,000,000 loan and the application of its proceeds to preferred dividends separately stated so that it may be tested by a motion under Rule 23(b).

In order to avoid delay the order herein may provide that the bill of particulars and the amended complaint shall be served simultaneously.

Settle order on five days' notice.