**OKIN v. SECURITIES AND EXCHANGE COMMISSION.**

Nos. 209–211.

Circuit Court of Appeals, Second Circuit.

March 4, 1946.

See also 143 F.2d 945.

Samuel Okin, of New York City, pro se, petitioner.

Roger S. Foster, Sol., of Philadelphia, Pa., for the Commission.

Simpson, Thacher & Bartlett, of New York City (John F. MacLane and Benjamin C. Milner, both of New York City, of counsel), for Electric Bond & Share Co.

Reid & Priest, of New York City (James L. Boone and Ralph M. McDermid, both of New York City, of counsel), for American & Foreign Power Co., Inc.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The basic order sought to be reviewed is that of January 22, 1944. This order, entered upon the joint application of Electric Bond and Share Company and its subsi-

diary, American & Foreign Power Company, approved the refinancing of a large indebtedness owed by the subsidiary (hereafter called Foreign Power) to its parent (hereafter called Bond and Share). The debt arose out of a loan of $30,000,000 made by Bond and Share to Foreign Power in 1931 and a second loan of $5,000,000 made in 1932. In 1944 the debt was evidenced by a single note for $35,000,000 dated February 14, 1935 and bearing 7% interest. This note became overdue in 1939 and interest was thereafter paid at 6%. The joint application of debtor and creditor proposed that in satisfaction of the outstanding note the debtor make a cash payment of $5,000,000 and issue its 3% serial notes aggregating $30,000,000 and maturing at successive yearly intervals. The order of January 22, 1944 approved this proposal but upon conditions (imposed by the Commission on its own initiative) to the effect that such approval shall not affect the "rank and status" of the debt, and if final determination of such rank and status has not been made before any of the renewal notes matures, such note shall not be paid at maturity unless the Commission so orders, and the failure to pay it shall not increase the interest rate on the overdue note, nor accelerate the maturity of the other renewal notes.[1] The orders of April 25, 1945 and August 17, 1945 relate to extending, upon the same conditions, the maturity of renewal note No. 1 issued pursuant to the basic order of January 22, 1944.

Okin's petition to review the basic order has already been before this court. A motion by the Commission to dismiss his petition on the grounds that he is not a person "aggrieved"[2] by the order and that his contentions as to error in the order were frivolous, was denied in 143 F.2d 945. Our decision was affirmed in American Power & Light Co. v. Securities and Exchange Commission, 325 U.S. 385, 392, 65 S.Ct. 1254. Thereafter we denied a motion by Okin to require the Commission to file a complete record of the proceedings before the Commission in lieu of the abbreviated record filed by it. The case is here upon such abbreviated record, which is ample for presentation of the only contention now made by Okin, namely, that the Commission lacked power to impose conditions postponing payment of the renewal notes until the rank and status of the debt as against other creditors of Foreign Power should be determined.[3]

---

[1] The order reads as follows:

"On the basis of said Findings and Opinion,

"It is ordered that said joint amended application and declarations relating to payment of $5,000,000 cash by, and issue of said serial notes by, Foreign Power to Bond and Share in cancellation and redemption of said $35,000,000 note be, and the same hereby are, respectively granted and permitted to become effective forthwith, subject, however, to the terms and conditions prescribed in Rule U-24, and subject to the further terms and conditions that:

"(1) The approval herein contained is subject to the express condition and reservation that the authorization by the Commission of the transactions herein proposed shall in no way serve to affect the rank or status, legal or equitable, of the debt claim of Bond and Share against Foreign Power heretofore represented by the note to be retired and hereafter to be represented by the notes to be issued by Foreign Power to Bond and Share hereunder, or the existing jurisdiction of the Commission with respect to said debt claim, in connection with any future reorganization of Foreign Power or any other matter in which said rank or status would be pertinent;

"(2) All agreements, conditions and reservations of jurisdiction heretofore imposed, made or entered into shall continue in effect and shall in no sense be deemed to have been waived, terminated or exercised by the action taken herein or hereunder; and

"(3) If final determination of such rank and status and the propriety of payment of such notes has not been made prior to the date of maturity of any one or more of said notes, no payment shall be made or received on or with respect to the principal of any of said notes at maturity or otherwise, except pursuant to permission of the Commission and until such permission is given, interest on said note proposed to be paid shall not be accrued, paid or charged at a rate in excess of 3% per annum unless the Commission by order shall have permitted a higher rate of interest; and failure to make any such payment of principal prior to permission of the Commission to make such payment shall not serve to accelerate the maturity of any of said notes not otherwise matured by their terms."

[2] Okin is the owner of 9,000 shares of common stock of Bond and Share.

[3] We are told in the briefs that the question whether the debt claim should

In support of his contention the petitioner makes the following points: (1) Foreign Power is not subject to regulation under the Public Utility Holding Company Act of 1935; (2) the orders under review are in effect injunctions against payment of the debt, and the Commission has no power to issue an injunction; (3) section 26(c), 15 U.S.C.A. § 79z(c) precludes construing other provisions of the Act to authorize the making of the orders under review. These points will be discussed seriatim.

■ (1) Foreign Power is a Maine corporation, many of whose securities are held by American investors. It is a subsidiary of Bond and Share, which has registered as a holding company under the Act. Foreign Power does not operate directly or indirectly any public utility within the United States, and its income from utility operations is derived solely from subsidiary companies operating in foreign countries. Because of these facts the petitioner argues that the Public Utility Holding Company Act of 1935 does not give the Commission jurisdiction to regulate any of Foreign Power's affairs.[4] We cannot agree with this contention. Foreign Power is within the literal definitions of "holding company" and "subsidiary company," set forth in sections 2(a) (7) and 2(a) (8), 15 U.S.C.A. § 79b(a) (7, 8) respectively, neither of which contains any geographical limitation. Under section 3(a) (5), 15 U.S.C.A. § 79c (a) (5), the Commission is directed to exempt by rule or order a holding company from any provision or provisions of the Act "unless and except insofar as it finds the exemption detrimental to the public interest or the interest of investors * * * if— * * * (5) such holding company is not, and derives no material part of its income, directly or indirectly, from any one or more subsidiary companies which are, a company or companies the principal business of which within the United States is that of a public-utility company."[5] A similar provision for the exemption of a subsidiary company of a holding company is found in section 3(b). The discretion which sections 3(a) (5) and 3(b) confer upon the Commission to consider the public interest and the interest of investors in determining the extent of the exemption to be granted to a company such as Foreign Power would be meaningless, if the definitions of "holding company" and "subsidiary" were to be so limited as ipso facto to make the Act inapplicable to such a company. Consequently, in our opinion, the Commission had power to rule, as it did in 6 S. E. C. 396, that Foreign Power was entitled to only partial exemption from regulation under the Act. We do not understand the petitioner to argue, nor could he successfully do so, that the partial exemption granted Foreign Power was broad enough to exempt it from the provisions upon which the Commission relied in making the orders now under review.

■ (2) The petitioner's second point is grounded on the premise that the orders under review are in effect an injunction against payment of the debt, or any part thereof except the $5,000,000 payment authorized by the basic order, until the Commission shall have ruled upon its "rank and status." The argument is that the Commission has no power to make an injunctive order, but must apply under section 18(f), 15 U.S.C.A. § 79r(f), to a federal court to enjoin any acts or practices which will constitute a violation of the provisions of the Act. Assuming the argument to be sound, the premise on which it is based is faulty. The basic order contains no injunctive provision; it authorizes the debtor or to issue renewal notes on certain conditions.[6] Both debtor and creditor accepted these conditions and the notes were delivered in conformity therewith. Should the debtor make any payment in violation

---

be subordinated to or subjected to some other equitable treatment relative to the claims of the public security holders of Foreign Power, is now pending before the Commission in a consolidated proceeding involving a recapitalization and reorganization of Foreign Power under section 11(e) of the Act, 15 U.S.C.A. § 79K.

[4] Foreign Power registered as a holding company on December 26, 1939, after the Commission had granted in part and denied in part its claim for exemption as a holding company, based on section 3(a) (5), and as a subsidiary, based on section 3(b). American & Foreign Power Company, Inc., 6 S.E.C. 396. The petitioner did not participate in this proceeding and no appeal was taken from the order.

[5] The definition of "public-utility company" is given in section 2(a) (5).

[6] See note 1, supra.

of the terms of the order, its action would not be in contempt of any injunctive provision of the order. Whether it could be proceeded against under section 29, 15 U.S.C.A. § 79z—3, for a criminal offense is another question, but one which is irrelevant to the argument based on section 18(f).

(3) In support of its power to make the orders under review the Commission refers to numerous sections of the Act, and particularly to 6(a), 7(d) and (f), and 12 (c) and (f) 15 U.S.C.A. §§ 79f(a), 79g(d, f), 79l(c, f). Section 6(a) provides that, except in accordance with a declaration effective under section 7, no "registered holding company or subsidiary company thereof" shall "issue or sell any security of such company." The notes which Foreign Power proposed to issue in renewal of its debt to its parent were a "security" within the definition of section 2(a) (16). Under section 7(d) the Commission had to consider whether "the terms and conditions" of the proposed issue were "detrimental to the public interest or the interest of investors"; and under section 7(f) its order permitting the proposal to become effective could contain "such terms and conditions as the Commission finds necessary to assure compliance with the conditions specified in this section." Section 12(c) declares it unlawful for a subsidiary company of a registered holding company to "retire, or redeem any security of such company, in contravention of such rules and regulations or orders as the Commission deems necessary or appropriate to protect the financial integrity of companies in holding-company systems." Also apparently applicable are the provisions of section 12(f) which make it "unlawful for any registered holding company or subsidiary company thereof" to enter into or perform "any transaction not otherwise unlawful under this title, with any company in the same holding-company system * * * in contravention of such rules and regulations or orders * * * as the Commission deems necessary or appropriate in the public interest or for the protection of investors * * * or to prevent the circumvention of the provisions of this title or the rules and regulations thereunder." The foregoing sections are broad enough in terms to empower the Commission in its order approving issuance of the renewal notes to impose conditions designed to preserve the status quo pending a later deter-mination of the rank and status of the debt claim of Bond and Share against its subsidiary; and the purpose of the Act supports the same construction. Section 11 contemplates the simplification of holding-company systems and the effectuation thereof by the submission of a plan "fair and equitable" to the persons affected by it. If the Commission lacked power to make orders such as those under review, its powers with respect to a fair and equitable plan under § 11 would be seriously circumscribed. Cf. Continental Bank v. Rock Island R., 294 U. S. 648, 678, 55 S.Ct. 595, 79 L.Ed. 1110.

The petitioner, however, contends that section 26(c) precludes the construction we have given to the sections above discussed. Section 26, 15 U.S.C.A. § 79z, is entitled "Validity of contracts." Paragraph (a) deals with contracts to waive compliance with any provision of the Act and declares them void; paragraph (b) deals with contracts made in violation of the Act or the performance of which involves a violation, and declares them void but saves the rights of innocent assignees. Paragraph (c) reads as follows:

"Nothing in this title shall be construed (1) to affect the validity of any loan or extension of credit (or any extension or renewal thereof) made or of any lien created prior or subsequent to the enactment of this title, unless at the time of the making of such loan or extension of credit (or extension or renewal thereof) or the creating of such lien, the person making such loan or extension of credit (or extension or renewal thereof) or acquiring such lien shall have actual knowledge of facts by reason of which the making of such loan or extension of credit (or extension or renewal thereof) or the acquisition of such lien is a violation of the provisions of this title or any rule or regulation thereunder, or (2) to afford a defense to the collection of any debt or obligation or the enforcement of any lien by any person who shall have acquired such debt, obligation, or lien in good faith for value and without actual knowledge of the violation of any provision of this title or any rule or regulation thereunder affecting the legality of such debt, obligation, or lien."

The petitioner argues that this is a direct mandate that no provision of the Act shall be construed (1) to affect the validity of any loan or renewal thereof, or (2) to afford a defense to the collection of any

debt. As we shall show below this is not a correct interpretation of section 26(c). Even under the petitioner's interpretation we fail to see how the orders on review would conflict with section 26(c) for they do not pass upon the validity of the original loan nor subordinate its collection to the rights of other security holders of Foreign Power. They merely postpone maturity of the renewal notes until those questions shall have been decided in another proceeding. What that decision will be is as yet unknown.

But the petitioner's interpretation completely disregards much of the language of paragraph (c). Thus, the clear implication of the "unless" clause is that other provisions of the Act may be construed to affect the validity of the loan or renewal thereof, if at the time of making the loan or renewal the person making it shall have actual knowledge that the making is a violation of the Act or any rule or regulation thereunder. Similarly, other provisions of the Act may afford a defense to a person who did not acquire the debt in good faith for value and without knowledge of the violation of the Act. In short, we think section 26(c) saves the rights of bona fide holders; it forbids a construction which will invalidate a loan or renewal thereof in the hands of a bona fide holder but not when held by one who had actual knowledge of the prohibitions of the Act, as, for example, that sections 6 and 7 require the issuance of a renewal note to be authorized by the Commission. The petitioner cites no authority in support of his interpretation. Opposed to it is Community Gas & Power Company, —— S.E.C. ——, Holding Company Act Release No. 4395 (1943). See also In re American Gas & Power Co., D.C.Del., 55 F.Supp. 756, 759; In re Laclede Gas Light Co., D.C.Mo., 57 F.Supp. 997, 1010, affirmed sub. nom. Mass. Mut. Life Ins. Co. v. Securities and Exchange Commission, 8 Cir., 151 F.2d 424; New York Trust Co. v. Securities and Exchange Commission, 2 Cir., 131 F.2d 274, certiorari denied 318 U.S. 786, 63 S.Ct. 981, 87 L.Ed. 1153. To give section 26(c) the meaning petitioner ascribes to it would nullify the regulatory and reorganization powers conferred by other sections of the statute already discussed. Such an interpretation must be rejected.

The orders under review are affirmed.